UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-mc-89 JRT/AJB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) )  |
| v. | ) **REPORT AND** ) **RECOMMENDATION** ) |
| ROSS B. ERICKSON, | ) ) |
| Respondent. | ) |

## I. INTRODUCTION

This matter came before the Court upon the petition of the United States of America to enforce two Internal Revenue Service ("IRS") summonses pursuant to Title 26 U.S.C. sections 7402(b), and 7604(a). A hearing on the matter was conducted on February 22, 2013, at which time Bahram Samie, Assistant United States Attorney, appeared on behalf of the Petitioner United States of America and Thomas E. Brever appeared on behalf of Respondent Ross B. Erickson. For the reasons which follow, the undersigned recommends that the IRS petition be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

IRS Revenue Officer Tim Smith is conducting an investigation into Respondent's tax liabilities for the tax years 2005-2010 and into collection of Respondent's tax liabilities for the years 1998, and 2001-2004. (Smith Decl. ¶ 4, Exs. A-B.) On February 8, 2012, Revenue Officer Smith issued and personally served on Respondent two IRS administrative summonses, directing him to appear on March 1, 2012, at 10:00 a.m. at the IRS office located in St. Paul, Minnesota, to testify and to produce books, records, and other data described in the summonses. (*Id*. ¶ 5-6.) On March 1, 2012, Respondent's representative appeared on his behalf and stated that he would follow up on March 6, 2012 with a timeline for providing the summonsed information. (Smith Decl. ¶ 7.) After no follow up, Respondent was issued a "last chance" letter, instructing him to

appear on March 31, 2011. (*Id.* ¶ 8, Ex. C.) Neither Respondent nor his representative appeared in response to the last chance letter. (*Id*. ¶ 9.)

On November 30, 2012 the United States submitted a Petition seeking an Order enforcing the IRS summonses. In support of its Petition, the United States offered the Declaration of Revenue Officer Smith, the two IRS summonses, and the last chance letter. In his declaration, Revenue Officer Smith asserted as follows:

> 10. The books, papers, records or other data sought by the summonses are not already in the possession of the Internal Revenue Service.
>
> 11. Respondent's refusal to comply with the summonses continues through the date of this declaration.
>
> 12. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.
>
> 13. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the collection of federal tax liability of Ross B. Erickson for the calendar years ended 12/31/1998, 12/31/2001, 12/31/2002, 12/31/2003, 12/31/2004.
>
> 14. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the federal tax liability of Ross B. Erickson for the calendar years ended 12/31/2005, 12/31/2006, 12/31/2007, 12/31/2008, 12/31/2009, 12/31/2010.
>
> 15. As of the date that the summonses were issued and served, and as of the date I signed this declaration, no referral has made to the Department of Justice by the IRS regarding the investigation of Erickson's income tax liabilities for the aforementioned years.

(Smith Decl. ¶¶ 10-15.)

On December 7, 2012, upon the petition, declaration, and exhibits attached thereto, this Court issued an Order to Show Cause, directing Respondent to appear on January 22, 2013 and show cause why he should not be compelled to obey the summonses. On December 13, 2012, copies of the Petition, Declaration, exhibits and the Order to Show Cause were personally served

on Respondent. Upon request of the parties, this Court rescheduled the hearing for February 22, 2013 so that Respondent could have additional time to comply with the summonses.

At the February 22, 2013 hearing, counsel for the United States reported that Respondent filed his delinquent 2005-2010 tax returns during the interim period, but had not provided information or testimony pertaining to the collectability of his prior tax liabilities. Accordingly, the United States requested that this Court recommend enforcement of the collectability summons, Exhibit A to the Smith Declaration. Specifically, the United States requested that the enforcement order demand responsive information for the dates listed in the collectability summons as well as update information from the last three months. Counsel for Respondent did not challenge the legitimacy of the summonses or the request to produce updated collectability information. Rather, counsel requested an additional thirty days before the issuance of an enforcement order so that Respondent may satisfy any the outstanding requests. For the reasons stated below, this Court recommends that an enforcement order be entered in due course.

### III. DISCUSSION

#### A. Standard of Review

The administrative summonses of the IRS are not self-enforcing. *In Re Testimony of Arthur Anderson & Co.*, 832 F.2d 1057, 1059 n.2 (8th Cir. 1987). However, "[i]f the taxpayer refuses to comply with [an IRS] summons, the United States may seek judicial enforcement. . . in the appropriate federal district court which 'shall have jurisdiction. . . to compel such attendance, testimony, or production of books, papers, or other data.'" *United States v. Carter*, 988 F.2d 68, 69 (8th Cir. 1993) (quoting *United States v. First Nat'l Bank Through O'Hara*, 727 F.2d 762, 763 (8th Cir. 1984); *see* 26 U.S.C. § 7402(b) and § 7604(a). In reviewing a petition for the enforcement of an administrative summons, the IRS's burden is not to demonstrate that probable cause for a violation of the Internal Revenue Code exists, but rather to make a *prima facie*

showing that the summons was issued in good faith. As the United States Supreme Court stated in *United States v. Powell*, 379 U.S. 48, 57-58 (1964):

> [T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

The IRS may satisfy its burden by merely presenting a sworn affidavit of the issuing officer or agent attesting to these facts. *United States v. Sindel*, 854 F. Supp. 595, 599 (E.D. Mo. 1994) (citing *United States v. Leventhal*, 961 F.2d 936, 939-40 (11th Cir. 1992)); *see United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (citing *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980)). Once the IRS makes a *prima facie* showing, the burden shifts to the respondent. *See United States v. Meininger*, 101 F.R.D. 700, 703 (D. Neb. 1984) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 361 (1977)). The respondent must either disprove one or more of the four *Powell* elements or demonstrate that the enforcement of the summons would constitute an abuse of the Court's process. *Meininger*, 101 F.R.D. at 703.

An abuse of process occurs when a summons is issued "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The taxpayer carries a "heavy" burden to prove that the IRS has abused the court's process. *See La Salle Nat'l Bank*, 437 U.S. at 316; *United States v. Stuart*, 489 U.S. 353, 360 (1989). A party opposing a summons must "disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *La Salle Nat'l Bank*, 437 U.S. at 316. A challenge to the lawful purpose served by a summons does not create "a forum in which to contest the validity of the underlying assessments." *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (citing

*United States v. Harper*, 662 F.2d 335, 336 (5th Cir. 1981)). Before the Court will deny enforcement of a summons, "[t]he taxpayer must make a substantial preliminary showing of abuse of the court's process." *Tax Liabilities of: John Does v. United States*, 866 F.2d 1015, 1019 (8th Cir. 1989).

B. Legal Analysis

In this case, Petitioner has met the *Powell* requirements by submitting Revenue Officer Smith's Declaration. 26 U.S.C. § 7605; *Powell*, 379 U.S. at 57-58. The declaration states that (1) the summons was issued for a legitimate purpose (namely to determine information pertaining to the collectability of his tax liabilities); (2) the materials and testimony sought by the summonses are relevant to determining this information; (3) the materials and testimony sought by the collectability summons are not already in the possession of the IRS; (4) all administrative steps have been followed; and (5) no criminal referral has been made to the Department of Justice with respect to Respondent's tax liabilities.

Moreover, Respondent has not challenged Petitioner's *prima facie* showing, and has in fact agreed to comply with the summons within 30 days. This Court recognizes that the inherent time lag between the issuance of this Report and Recommendation and a final enforcement order should provide Respondent sufficient time to comply with any outstanding issues in the collectability summons. Accordingly, this Court recommends that the District Court enter an order of enforcement.

**IV. RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Petition to Enforce Internal Revenue Summons [Doc. No. 1] be **GRANTED** and that Respondent be ordered to obey every requirement of the IRS summons attached as **Exhibit A** to the Declaration of Revenue Officer Tim Smith and that Respondent also be ordered to provide updated

responsive information to the summons for the time period of three months immediately preceding production.

Dated: March 4, 2013                     _s/ Arthur J. Boylan_____
                                         Arthur J. Boylan
                                         Chief United States Magistrate Judge


	Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 18, 2013.